OPINION
{¶ 1} This appeal arises from the Portage County Court of Common Pleas wherein, appellant, Dale B. Carter ("Carter"), pled guilty to one count of rape and one count of gross sexual imposition. Carter was subsequently adjudicated a sexual predator, which forms the basis of this appeal.
 {¶ 2} Carter lived with his girlfriend, Lola Combs ("Combs"), and her four children from 1992 until 1998, when the family relocated to Florida. Carter later reunited with the family in Florida in 1998.
 {¶ 3} In November 2000, while residing in Florida, Combs' eldest daughter told her grandmother that Carter had been sexually molesting her while they residing with him in Windham, Ohio. Combs notified the local authorities, who then contacted the Portage County Sheriff's Department and Children Services regarding the allegations of sexual abuse against Carter. A detective from the Portage County Sheriff's Department arrived in Florida to interview the child and her mother.
 {¶ 4} During the interview, the child stated that Carter had abused her from the time she was about six years old until she was thirteen years of age. She added that the encounters usually occurred from midnight to 3:00 a.m., when her mother was at work or sleeping. She stated that the abuse occurred about four to five times a week and that Carter was usually drunk when it occurred. The child also stated that Carter threatened to hurt her, her mother, and her siblings if she ever told anyone. She also told the detective that Carter would perform various acts on her, including oral sex, digital penetration, inserting his fingers in her rectum, or placing his penis in her mouth and ejaculating. The child also noted that if she slept with her sisters, Carter would usually refrain from abusing her.
 {¶ 5} After initially learning of the allegations against him, Carter fled the family home. On September 13, 2001, Carter was charged, by way of secret indictment, with fourteen counts of rape, seven of those counts with a force specification, and five counts of gross sexual imposition. At his arraignment, on September 19, 2001, Carter pled not guilty to the charges.
 {¶ 6} Carter later withdrew his not guilty plea and entered a written guilty plea on December 31, 2001. Carter pled guilty to one count of rape and one count of gross sexual imposition. Carter appeared for a sexual predator hearing and sentencing on February 19, 2002. He was subsequently classified a sexual predator and sentenced to a term of eight years imprisonment for the rape charge, and three years imprisonment for the gross sexual imposition charge, with both sentences to be served concurrently.
 {¶ 7} Carter filed this appeal, citing two assignments of error.
 {¶ 8} Carter's first assignment of error is:
 {¶ 9} "The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that appellant Carter is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} Carter's second assignment of error is:
 {¶ 11} "The trial court failed to provide a discussion of the factors that it considered in reaching its determination of sexual predator so that it can properly be reviewed on appeal."
 {¶ 12} In both assignments of error, Carter contends that the trial court lacked sufficient evidence to adjudicate him a sexual predator. Specifically, Carter contends that the only evidence the trial court relied upon was that Carter was an addict and that the trial court did not properly considered the statutory factors when making its determination.
 {¶ 13} In order to classify an individual as a sexual predator, a trial court must find, by clear and convincing evidence, that the individual has been convicted of a sexually oriented offense and is likely to commit one or more sexually oriented offenses in the future.[1]
After considering the factors enumerated in R.C. 2950.09(B)(2), the trial court also has the discretion to determine what weight, if any, it gives to any evidence presented at the sexual offender classification hearing.[2]
 {¶ 14} In the case sub judice, Michael Berzinsky conducted a psychological evaluation of Carter. A written report of that evaluation was submitted by the state at the sexual offender hearing. That report concluded:
 {¶ 15} "It is my clinical opinion that if Mr. Carter resumes a lifestyle which includes alcohol or drug abuse the risk of his committing another sexually-oriented offense is fairly high."
 {¶ 16} Berzinsky provided similar testimony at the hearing, ultimately testifying that Carter posed a "moderate to high" risk of committing a sexually-oriented offense in the future if under the influence of alcohol. When asked whether Carter was an alcoholic, Berzinsky replied, "I don't test specifically for that, but I would say the odds are he is."
 {¶ 17} The relevant statute, R.C. 2950.09(B)(2), as it read at the time of adjudication, enumerates relevant factors the trial court must consider in making its determination. Those factors include:
 {¶ 18} "(a) The offender's age;
 {¶ 19} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 22} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender;
 {¶ 25} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} The trial court is not required to recite each individual factor, but must provide a general discussion of the factors to indicate the basis of the determination for appeal purposes.[3] That discussion may be included either in the hearing transcript or within the written entry of judgment.[4]
 {¶ 29} A review of the record reveals that, at the hearing, the state reviewed the relevant factors enumerated in R.C. 2950.09(B)(2), including Carter's age of twenty-four to thirty-one years old, Carter's extensive criminal record, including a previous sexual offense, the victim's age of six years, as well as Carter's use of threats on the victim.
 {¶ 30} At the conclusion of the hearing, the court made the following statement:
 {¶ 31} "Well, the purpose of the issue of Sexual Predator, the Court has a report here and arguments and testimony, seems to be that the probability (is) [sic] that he will not offend again if he's not drinking or on drugs.
 {¶ 32} "The probabilities are that he would commit another sexual offense if he is on those things. The Court has to deal with what's here today. Today he is an addict. We speculate that he may be cured in the future, or maybe recover in the future, but the matter is he's an addict today, and as such, he's likely to offend again.
 {¶ 33} "So the Court is, I feel bound to make the determination that he fits the classification of Sexual Predator."
 {¶ 34} In the judgment entry, the court stated, "[t]he Court has considered all of the factors contained in O.R.C. Section 2950.09(B)(2), as well as all of the evidence and argument presented by the parties, and now makes the following findings of fact:
 {¶ 35} "There is clear and convincing evidence that the Defendant is a Sexual Predator pursuant to R.C. Section 2950.09(B)[.]"
 {¶ 36} Thus, the record reveals that the trial court was presented with evidence consisting of the written report of the psychological evaluation as well as testimony from the clinical counselor who conducted that evaluation. There was also additional evidence relating to the factors enumerated in R.C. 2950.09(B)(2). The prosecution laid a foundation for the educational and clinical qualifications of the clinical counselor. Those qualifications and his subsequent expert testimony were never challenged. It is from this basis that the trial court made its final determination that Carter was a sexual predator.
 {¶ 37} As noted above, a trial court has discretion to give more weight to any factor enumerated in R.C. 2950.09(B)(2).[5] The trial court stated that Carter's history of alcohol and drug abuse played a large role in his sexual offense. As noted above, the trial court was greatly concerned by Carter's inability to control his sexual urges when under the influence of alcohol. This court has held that an offender may be adjudicated a sexual predator when there is evidence that the offender has failed to address a substance abuse problem that triggers the offensive behavior.[6] In the instant case, the record reveals that the trial court made such a finding. However, this court feels the better practice would be to address the offender's long history of addictive behavior along with corresponding offensive behavior, as well as whether the offender is an addict today. The court also agreed with Berzinsky's conclusion that Carter's continued substance abuse placed him as a moderate to high risk to commit a sexual offense in the future.
 {¶ 38} After reviewing the evidence presented at the sexual predator hearing, we find that the trial court had sufficient evidence to adjudicate Carter was a sexual predator. Moreover, the trial court adequately weighed the factors enumerated in R.C. 2950.09(B)(2) in reaching its conclusion.
 {¶ 39} Carter's first and second assignments of error are without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Judith A. Christley, J., concur.
[1] (Citations omitted.) State v. Pope, 11th Dist. No. 2001-L-184, 2003-Ohio-3546, at ¶ 12.
[2] State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus.
[3] State v. Randall (2000), 141 Ohio App.3d 160, 165.
[4] Id, at 166.
[5] Thompson, at 589.
[6] Randall, at 167.